# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Izell De'Wayne Hair, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:19-cv-2741-TMC |
| v. ) | |
| ) | **ORDER** |
| ) | |
| Lt. C. Parker and Capt. Livingston, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Izell De'Wayne Hair, a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983 alleging Defendants violated his rights secured by the Eighth Amendment. (ECF No. 38-3).[1]  In accordance with

---

[1] Plaintiff's amended complaint (ECF No. 38-3) is the operative pleading. Plaintiff sought to amend his complaint a second time in order to add state law damages claims against the South Carolina Department of Corrections. (ECF No. 121). The magistrate judge denied that motion on the grounds that such claims are barred by the Eleventh Amendment and, therefore, it would be futile for Plaintiff to amend his complaint. (ECF No. 131 at 3). Plaintiff then filed two motions for reconsideration. (ECF Nos. 136; 138). In the Report and Recommendation presently before the court, the magistrate judge denied both motions. (ECF No. 139 at 19). Neither motion is dispositive in nature and Plaintiff has not objected as to this portion of the Report. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 783 (E.D.N.C. 2011) ("The courts of appeal that have addressed the issue have concluded that a motion to amend a complaint is a pretrial matter not dispositive of a claim or defense of a party within the purview of Fed. R .Civ .P. 72(a)."). (internal quotation marks omitted). To the extent that this portion of the Report is before the court, the court finds no clear error in the ruling of the magistrate judge.

28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to a United States Magistrate Judge for pretrial proceedings. Thereafter, Defendants moved for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies. (ECF No. 108). After reviewing the motion, Plaintiff's numerous filings in opposition, and Defendants' replies, the magistrate judge issued a Report and Recommendation ("Report") recommending the court grant Defendants' motion for summary judgment and dismiss Plaintiff's claims without prejudice. (ECF No. 139 at 16, 19). On February 18, 2021, Plaintiff filed objections to the Report. (ECF No. 148). Therefore, this matter is ripe for review.

## BACKGROUND

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. (ECF No. 139 at 1–10). Briefly, Plaintiff alleges that on September 3, 2019, Lt. Parker assaulted him while placing him in a cell in the Restrictive Housing Unit at Broad River Correctional Institution. (ECF No. 38-3 at 5–6). Plaintiff further alleges that Capt. Livingston witnessed the incident but failed to intervene or take any action. *Id*. According to Plaintiff, this alleged unprovoked assault resulted in injuries to his eye, back, wrist, thumb, and finger, and caused him to suffer emotional distress. *Id.* 5–8.

On September 11, 2019, Plaintiff filed a Step 1 Grievance pursuant to the policies and procedures established by the South Carolina Department of

Corrections ("SCDC"). (ECF No. 108-2 at 3, 23). An inmate who alleges criminal activity must file a Step 1 grievance form within five working days of the claimed incident. *Id*. at 13.  Such a grievance must be forwarded immediately to the "Chief/designee, Inmate Grievance Branch" (IGB) for a determination of whether a criminal investigation is required. *Id*. at 17.  If it is determined that a criminal investigation is not required, then the standard grievance procedures apply, *see id*., meaning that the Warden must respond to the allegations within 45 days of the Step 1 grievance, *id* at 15. The inmate may appeal the Warden's response by filing a Step 2 grievance within five days of receiving the response. *Id*.

SCDC policy also includes procedures for processing emergency grievances involving "situations, actions, or conditions in which any person's health, safety, or welfare is threatened or in serious danger." *Id*. at 16.  The grievance is sent to the IGB for a determination of whether "a substantial risk or serious harm is present and warrants the grievance being processed as an 'emergency.'" *Id*.  If it is determined that the grievance should be processed as an emergency, the IGB returns it to the Warden or responsible official who then has seven working days to respond. *Id*.  If the grievance is determined not to qualify as an emergency, it will be "processed through the system as if it were a normal grievance." *Id*.

On September 26, 2019, before receiving a response to his September 11, 2019 grievance, Plaintiff filed this action in federal court. (ECF No. 1). On October

3

3, 2019, IGB completed its assessment of Plaintiff's grievance and returned it to Plaintiff indicating that it was deficient because Plaintiff "did not complete an appropriate informal resolution[,]"[2] but that "due to the nature of [the] allegations" the grievance would nevertheless be processed "at normal course." (ECF No. 108-2 at 23).

Defendants filed a motion for summary judgment on the sole ground that Plaintiff failed to exhaust his administrative remedies before commencing this action in contravention of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).[3] (ECF Nos. 108; 108-1). Defendants argued that "Plaintiff cannot satisfy the [PLRA's] exhaustion requirements because he filed his lawsuit *well before he received a response* to even his Step 1 Grievance, much less *before he exhausted the remaining administrative process* with SCDC." (ECF No. 108-1 at 4 (emphasis added)). Plaintiff argued in response that no such administrative remedies were available to him because (1) he was detained in "crisis intervention" for eight days

---

[2] Typically, inmates are required to attempt informal resolution with the alleged offending staff member prior to submitting an official grievance. (ECF No. 108-2 at 13). However, SCDC policy recognizes that when an inmate alleges criminal conduct by staff members, informal resolution "may not be appropriate or possible." *Id.*

[3] This subsection provides as follows: "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*." 42 U.S.C.A. § 1997e(a) (emphasis added).

after the alleged assault and, therefore, could not file his grievance within the five-day deadline; and (2) SCDC failed to respond to his "emergency" grievance within seven days as required by the grievance policy. (ECF No. 122 at 1–2).[4]

The magistrate judge concluded that it is undisputed that Plaintiff did not exhaust his administrative remedies as required by the SCDC grievance system and, therefore, the sole issue is whether the failure to exhaust is excused because Plaintiff, through no fault of his own, was prevented from availing himself of the administrative remedies. (ECF No. 139 at 9). With respect to Plaintiff's argument that he was prevented from filing his grievance within the five-day deadline, the magistrate judge noted that Defendants did not assert that Plaintiff's September 11, 2019 grievance was untimely and declined to address it as irrelevant. *Id*. at 11 n.4. The magistrate judge also rejected Plaintiff's contention that he was justified in proceeding with his federal action without exhaustion because he did not receive a response with seven days as required by the emergency procedures provision. *Id*. at 13. The magistrate judge noted that, even if Plaintiff's grievance qualified as an

---

[4] Plaintiff filed two additional responses to the motion for summary judgment which repeated the argument that SCDC's failure to respond within seven days rendered administrative remedies unavailable, (ECF Nos. 127 at 2; 134 at 1–3), and suggested that grievances *filed after* the initiation of this lawsuit satisfied the PLRA's exhaustion requirement, (ECF No. 134 at 3–5). As the magistrate judge correctly concluded, however, "[o]nly Plaintiff's September 11, 2019 grievance is directly relevant here, as Plaintiff's other grievances were submitted after Plaintiff filed this civil action." (ECF No. 139 at 11).

emergency, the grievance policy does not mandate a response within seven days. *Id*. at 15. Moreover, to the extent that Plaintiff argued that SCDC's October 3, 2019 response was improper, the magistrate judge dismissed the argument as "irrelevant to the availability of SCDC's administrative remedies in this case because Plaintiff filed his lawsuit prior to receiving the response" and "was unaware that SCDC would return his grievance on improper grounds at the time he filed suit." *Id*. at 15. Accordingly, the Report recommends that the court grant the motion for summary judgment for failure to exhaust administrative remedies. *Id*. at 19.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the

district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections.  *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge").  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574

7

F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Each of Plaintiff's objections to the Report focuses on whether his grievance should have been processed under the "emergency procedures" section of the inmate grievance policy. (ECF No. 148). Plaintiff argues that the Report erroneously observed that his failure to write "emergency" on his grievance form suggested that it was not an emergency grievance, *id.* at 3; that the Report omitted important language from the section on emergency procedures, *id.*; that the allegations in his grievance reflected an imminent threat to his health, safety and welfare, *id.* at 4; and that the IGB's response on October 3, 2019 failed to comply with SCDC's own procedures because it did not expressly indicate whether or not the grievance had been deemed an emergency, *id.* at 5.

Each of Plaintiff's objections fails to address the core of the magistrate judge's analysis—that even if Plaintiff's September 11, 2019 grievance properly qualified as an "emergency," Plaintiff still filed this action prematurely. (ECF No. 139). Under the grievance system, a potential emergency grievance is sent first to the IGB for a threshold determination of whether to process it as an emergency. (ECF No. 108-2

at 16). There is no mandatory time frame for this determination by the IGB. If it is determined that a grievance must be processed as an emergency, the Warden (or responsible official if the grievance concerns matters outside of the Warden's "capability to resolve") *then* has seven working to respond to the emergency grievance. *Id*. Plaintiff filed this action before IGB finished its assessment of the Step 1 grievance. Moreover, SCDC's grievance system provides for an appeal/step 2 grievance within five days of the receipt of the response to the Step 1 grievance. *Id*. at 15. Plaintiff did not and could not have filed an appeal/step 2 grievance before bringing this action. Accordingly, Plaintiff's objections are overruled.

Having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court agrees with the magistrate judge's conclusion that Plaintiff failed to exhaust the available administrative remedies. Thus, the court finds no reason to deviate from the Report's recommended disposition and ADOPTS the Report, (ECF No. 139), and incorporates it herein. Accordingly, Defendants' motion for summary judgment is **GRANTED**. (ECF No. 108). Plaintiff's claims are hereby dismissed without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
March 3, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.